# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

WILLIAM A. REYNOLDS,

    Plaintiff,

v.                                    Case No. 2:17-cv-2604

NEW ALBANY SAW SHOP AND
OUTDOOR EQUIPMENT, LLC AND
MICKEY HALE,

    Defendants.

## COMPLAINT UNDER THE FLSA

Plaintiff William A. Reynolds, through his attorneys, brings this action against Defendants New Albany Saw Shop and Outdoor Equipment, LLC and Mickey Hale under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for failure to pay overtime compensation.

### I. JURISDICTION

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

### II. FACTS

#### A. Parties

2. Plaintiff William A. Reynolds is an adult resident of New Albany, Mississippi. During the applicable statutory period, Plaintiff worked for Defendants as a technician.

3. Defendant New Albany Saw Shop and Outdoor Equipment, LLC ("New Albany Saw Shop") is a for profit corporation formed and organized under Mississippi state law and

currently conducting business as a lawn and garden equipment sale and repair shop at 908 W. Bankhead Street, New Albany, Mississippi 38652. At all relevant times herein, Defendant New Albany Saw Shop was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Defendant New Albany Saw Shop is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

5. Defendant New Albany Saw Shop is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Specifically, Defendant New Albany Saw Shop has annual sales of not less than $500,000.

6. Defendant Mickey Hale is the owner/operator of New Albany Saw Shop. At all times herein, Defendant Hale has been the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d), since he has acted directly in the interest of Defendant New Albany Saw Shop in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at the required overtime rates. Defendant Hale is a resident of New Albany, Mississippi.

**B. Factual Allegations**

7. Plaintiff was employed by Defendants during the applicable statutory period. Plaintiff Reynolds was employed by Defendants from approximately July 22, 2016 to July 22, 2017.

8. The FLSA requires covered employers, such as Defendants, to compensate non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week. During the applicable statutory period, Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

9. Plaintiff Reynolds typically worked the following schedule: Monday from 7 a.m. to 5 p.m., Tuesday from 7 a.m. to 5 p.m., Wednesday from 7 a.m. to 12 p.m., Thursday from 7 a.m. to 5 p.m., Friday from 7 a.m. to 5 p.m. and Saturday from 7 a.m. to 12 p.m. Each work day included a 30-minute lunch break. Plaintiff regularly worked forty-eight (48) hours per week.

10. For an 11-week period in 2017, Plaintiff worked an additional four (4) hours on Wednesdays, thus working a total of fifty-two (52) hours per week for an 11-week period.

11. For the first month of his employment, Plaintiff Reynolds received $10 per hour paid in cash but did not receive a halftime overtime premium despite working more than forty (40) hours each work week.

12. After his first month of employment, Plaintiff was paid a salary of $480 per week intended to compensate him for forty (40) hours of work. During this period, Plaintiff did not receive any payment for any overtime hours worked despite working more than forty (40) hours each work week.

13. In late June 2017, Plaintiff was paid the reduced hourly rate of $9.50 per hour.

During this final month of employment, he did not work overtime.

14. At all times during this time period, Defendants were aware that Plaintiff continued to work in excess of forty (40) hours per week on a regular basis because he was physically present and was scheduled to work more than forty (40) hours per week by Defendants.

15. At this juncture, Plaintiff estimates that he has been deprived of overtime compensation of at least $6,784.00 during the relevant time period.

16. Defendants only maintained time records during the last month of Plaintiff's employment. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

17. As a result of its actions and the conduct described above, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 207(a)(1), with respect to Plaintiff. Thus, Plaintiff suffered a loss of wages.

18. Additionally, Defendants were well aware that they were required to pay Plaintiff overtime, evidenced by the fact that Defendants regularly scheduled Plaintiff to work in excess of forty (40) hours per week.

19. The foregoing conduct on the part of Defendants constitute a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

1. Judgment against Defendants for an amount equal to unpaid back wages at the applicable overtime rates;

2. Judgment against Defendants that its violations of the FLSA were willful;

3. An equal amount to the overtime damages as liquidated damages;

4. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

5. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

6. Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

7. An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

8. For all such further relief as the Court deems just and equitable.


Respectfully submitted,

/s/ William B. Ryan
William B. Ryan – MS Bar #99667
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
Email: billy@donatilaw.com

ATTORNEY FOR PLAINTIFF

Dated: 8.18.2017